WILLIAM A. DANIELS, Respondent, v. KANSAS CITY ELEVATED RAILWAY CO., Appellant.

**Kansas City Court of Appeals, February 2, 1914.**

NEGLIGENCE: Street Railways: Natural Law: Unbelievable Statement. One standing on a street car step without support when the car is suddenly started forward with a quick jerk will be thrown backward with his feet in the direction the car is going; and his testimony that he was thrown to the street on both knees and elbow, with his head and body with the direction of the car and practically parallel with the track, is a statement contrary to natural law and should not be credited.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

REVERSED.

*John H. Lucas* and *Hogsett & Boyle* for appellant.

*Brewster, Kelly, Brewster & Buchholz* for respondent.

ELLISON, P. J.—Plaintiff's action is for damages resulting from a fall from one of defendant's street cars in Kansas City. He charges negligence in defendant starting the car suddenly while he was in the act of getting aboard, whereby he was thrown to the street. He recovered judgment in the trial court.

Plaintiff was a witness in his own behalf and testified that the car tracks ran east and west on Central street and that the car from which he fell was an east bound car. He stated that he stood near the track facing the north, with his suit case and a Masonic sword in a leather scabbard in his left hand. That he car came up and stopped and he approached it fac-

ing squarely north, and stepped up onto the step reaching with his right hand for the "handlebar," but before he got hold of it and before he had time to step up into the vestibule of the car, it suddenly started forward on its course with a quick jerk, throwing him onto the street, lighting on both knees and his left elbow. That he fell *forward with the car* his head to the east and his feet to the west, his body lengthwise, practically parallel, with the track. Witnesses for the defense gave testimony that he tried to board the car while it was in motion and being encumbered with a suit case and sword and scabbard he fell to the street.

When a verdict is for the plaintiff, if it is supported by believable testimony, we will uphold it notwithstanding there may be testimony to the contrary given by worthy and reputable witnesses. But if the plaintiff's deliberate account of the matter is clearly contrary to natural law—contrary to what is called physical facts—we will refuse to credit it. [Scroggins v. Met. St. Ry. Co., 138 Mo. App. 215.] That case finds full application in this one and must control it. If, as plaintiff says, he stepped up on the step, not holding to anything, except his valise and sword, and the car suddenly started forward with a jerk, it would, of course, have jerked his feet forward and his body would have been thrown backward with his head to the west. In the Scroggins case it was said that "plaintiff had released her hand hold and without other support than her footing was stepping to the street. How could the sudden starting of the car, when she was in that position, have the effect of throwing her head first in the direction in which the car was going? The natural result of such start would have been to jerk her feet towards the east and to pitch her body in the opposite direction, . . . The only modifying force that could have given a different direction to her fall would have been her subconscious efforts to counteract the sudden force exerted against

her. Manifestly such involuntary and unsupported efforts could not have produced a counteracting force so pronounced as to overcome the impetus given her body in a direction opposite to that it, otherwise, would have taken.''

Counsel have made suggestions as to plaintiff's position and what he might have done, etc., which are not found in the evidence. We find we cannot support the judgment without making a precedent for allowing credit to statements of a litigant which are opposed to common knowledge and natural law.

·The judgment is reversed. All concur.